FILED '09 OCT 20 14:24 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT MANN,
("AKA FERNANDEZ"),

       Petitioner       Civil No. 09-1153-TC

       v.                ORDER

JOE CAMP, et al.,

       Defendants.

HOGAN, District Judge.

    Petitioner in this proceeding for habeas corpus relief under 28 U.S.C. § 2254 has filed a Motion for Preliminary Injunction (#9) seeking a "stipulation from the Attorney Generals' Office of the State of Oregon to vacate this case in its entirety due to the caustic civil conspiracy that has taken place." Motion (for) Preliminary Injunction (#9) p. 3.

    The general rules for granting preliminary relief are familiar and need not be discussed in detail. "The purpose of a preliminary injunction is merely to preserve the relative

1 - ORDER

positions of the parties until a trial on the merits can be held," and it is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits. <u>University of Texas v. Camenisch</u>, 451 U.S. 391, 395 (1981); <u>Tanner Motor Livery, Ltd. V. Avis, Inc</u>, 316 F.2d 804, 808 (9th Cir. 1983). <u>See also</u>, <u>Regents of University of California v. ABC, Inc.</u>, 747 F.2d 511, 514 (9th Cir. 1984) ("* * * the function of a preliminary injunction is to preserve the *status quo ad litem*.") Wright and Miller, <u>Federal Practice and Procedure</u> § 2947 (1973) ("* * * the most compelling reason in favor of entering a Rule 65(a) order is the need to prevent the judicial process from being rendered futile by defendant's actions or refusal to act").

In this case, the preliminary equitable relief that petitioner seeks would in essence constitute a judgment on the merits of his underlying claim and is therefor inappropriate.

Moreover, petitioner's allegations have to do with an "electronic monitoring device implanted upon petitioner" and other delusional scenarios and are subject to *sua sponte* dismissal. <u>Neitzke v. Williams</u>, 490 U.S. 319, 424 (1989); <u>McKeever v. Bolck</u>, 932 F.2d 795, 798 (9th Cir. 1991). (A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible).

Based on the foregoing, plaintiff's Motion for Emergency

Relief (#9) is **DENIED**.

IT IS SO ORDERED.

DATED this 20th day of October, 2009.

Michael R. Hogan
United States District Judge

3 - ORDER